<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHAQUAN ARCHIE, | Civil No. 12-3657 (FSH) |
| Plaintiff, | |
| | **MEMORANDUM OPINION** |
| v. | |
| CITY OF NEWARK, et al., | |
| Defendants. | |

**HOCHBERG, District Judge**:

    1.  Presently before this Court is a Complaint and application to proceed <u>in forma pauperis</u> submitted by Shaquan Archie, an inmate incarcerated at New Jersey State Prison.

    2.  Based on his affidavit of poverty, prison account statement and the apparent absence of three qualifying dismissals under 28 U.S.C. § 1915(g), this Court will grant Plaintiff's application to proceed <u>in forma pauperis</u> and direct the Clerk to file the Complaint.  <u>See</u> 28 U.S.C. § 1915(a).

    3.  The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court to review a complaint in a civil action in which a prisoner seeks redress against a governmental employee or entity or is proceeding <u>in forma pauperis</u>.  <u>See</u> 28 U.S.C. §§ 1915(e)(2)(B), 1915A(a).  The PLRA requires the Court to <u>sua sponte</u> dismiss at any time a claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  <u>Id.</u>  The Court is mindful that the sufficiency of this

pro se pleading must be construed liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89 (2007).  Moreover, the Third Circuit instructs that a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility.  See Grayson v. Mayview State Hosp., 293 F. 3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F. 3d 113, 117 (3d Cir. 2000).  With these precepts in mind, the Court will determine whether any of Plaintiff's claims should be dismissed.

    4. In the Complaint, Plaintiff sues the City of Newark, the Newark Police Department, and a group of unnamed Newark Police Officers for violation of his constitutional rights.  In his statement of facts, Plaintiff asserts:

> . . . On the date of March 17, 2009, I was physically assaulted and mentally abused . . . .  I was berated by people who violated my constitutional rights.  They used racially motivated language.  There were also other human rights violations like; I was stood over and kicked, then an officer put his foot on me as if he was posing over wild game, he had captured.  In the establishment, I was assaulted and repeatedly called a "monkey and ni—er."  After, the first assault, police arrived on the scene and began the[ir] assault and name calling.  The ordeal lasted over (2) two hours and I was refused bathroom privileges.  My personal property was taken and never returned.  A cell phone, gold chain, jacket, shirt, sunglasses, and fitted baseball cap were all stolen.  My permanent record still reflects a "no bills" charge because, the bar manager never appeared to court because of self-conviction and guilt.

(Dkt. 1 at 6.)

    5. This Court may exercise jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority."  Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

6. To recover under 42 U.S.C. § 1983, a plaintiff must show two elements: (a) a person caused him to be deprived of a right secured by the Constitution or laws of the United States, and (b) the deprivation was done under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970).

7. The problem with Plaintiff's Complaint is that the face of the Complaint shows that Plaintiff's claims are barred by the statute of limitations. The statute of limitations on civil rights claims is governed by New Jersey's two-year limitations period for personal injury. See Wilson v. Garcia, 471 U.S. 261, 276 (1985); Dique v. N.J. State Police, 603 F. 3d 181, 185 (3d Cir. 2010); O'Connor v. City of Newark, 440 F.3d 125, 126-27 (3d Cir. 2006); Montgomery v. De Simone, 159 F.3d 120, 126 (3d Cir. 1998); Cito v. Bridgewater Township Police Dept., 892 F.2d 23, 25 (3d Cir. 1989). This statute requires that "an action for an injury to the person caused by a wrongful act, neglect, or default, must be convened within two years of accrual of the cause of action." Cito, 892 F.2d at 25 (quoting Brown v. Foley, 810 F.2d 55, 56 (3d Cir. 1987)). "Accrual is the occurrence of damages caused by a wrongful act . . . . [T]he tort cause of action accrues, and the statute of limitations commences to run, when the wrongful act or omission results in damages." Dique, 603 F. 3d at 185-86 (citations and internal quotation marks omitted); see also Montgomery, 159 F.3d at 126 ("the limitations period begins to run from the time when

3

the plaintiff knows or has reason to know of the injury which is the basis of the section 1983 action") (quoting Genty v. Resolution Trust Corp., 937 F.2d 899, 919 (3d Cir. 1991)); Sameric Corp. of Del., Inc. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998) ("A [§] 1983 cause of action accrues when the plaintiff knew or should have known of the injury upon which [his] action is based").

8.  The statute of limitations is an affirmative defense that must generally be pleaded and proved by the defendants.  See Bethel v. Jendoco Const. Corp., 570 F.2d 1168, 1174 (3d Cir. 1978) (statute of limitations on civil rights claim is an affirmative defense).  While a plaintiff is not required to plead that the claim has been brought within the statute of limitations, Ray v. Kertes, 285 F.3d 287, 297 (3d Cir. 2002), the Supreme Court observed in Jones v. Bock, 549 U.S. 199, 215 (2007), that if the allegations of a complaint, "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."

9.  In this case, Plaintiff asserts that his constitutional rights were violated when certain unnamed Newark police officers beat him on March 17, 2009.  However, Plaintiff did not execute the Complaint until May 5, 2012, well beyond the two year statute of limitations, which expired on March 17, 2011.  Although the statute of limitations may be equitably tolled, tolling is extraordinary relief that is appropriate only "in three general scenarios:  (1) where a defendant actively misleads a plaintiff with respect to her cause of action; (2) where the plaintiff has been prevented from asserting her claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts her claims in a timely manner but has done so in the wrong forum."  Lake v. Arnold, 232 F. 3d 360, 370, n.9 (3d Cir. 2000).  Because Plaintiff does not explain why he waited until almost three years to bring this action and none of the circumstances warranting

equitable tolling appear to apply, it is apparent from the face of the Complaint that Plaintiff's § 1983 claims are time barred.  This Court will dismiss the Complaint as untimely.  See Paluch v. Secretary Pennsylvania Dept. of Corrections, 442 Fed. App'x 690, 694 n.2 (3d Cir. 2011) ("Although the statute of limitations applicable to § 1983 actions is an affirmative defense, which may be waived by the defendant, it is appropriate to dismiss sua sponte under § 1915(e)(2) a complaint whose untimeliness is apparent from the face of the record"); McPherson v. United States, 2010 WL 3446879 at *4 (3d Cir. Sept. 2, 2010) ("[W]hen a statute-of-limitations defense is apparent from the face of the complaint, a court may sua sponte dismiss the complaint pursuant to 28 U.S.C. § 1915 or 28 U.S.C. § 1915A"); Fogle v. Pierson, 435 F. 3d 1252, 1258 (10th Cir. 2006); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995) (en banc); Pino v. Ryan, 49 F.3d 51 (2nd Cir. 1995); Gartrell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993); Myers v. Vogal, 960 F.2d 750, 751 (8th Cir. 1992); Street v. Vose, 936 F.2d 38 (1st Cir. 1991).

10.  Because amendment of the Complaint would be futile, this Court will dismiss the Complaint without granting leave to amend.  However, if Plaintiff believes that he can assert facts showing that equitable tolling is warranted, he may set forth those facts in a motion asking this Court to reconsider dismissal of the Complaint as time barred.  If Plaintiff does so, then Plaintiff is advised to provide the names of the police officers who allegedly beat him.

11.  An appropriate Order accompanies this Memorandum Opinion.

    s/ Faith S. Hochberg  
    **FAITH S. HOCHBERG, U.S.D.J.**

Dated:  June 27, 2012